```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION


WALTER F. SCOTT,                )
                                )
           Plaintiff,           )
                                )
      v.                        )     No. 4:07-CV-1025 CAS
                                )
CITY OF VELDA CITY, et al.,     )
                                )
           Defendants.          )
```

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Walter F. Scott for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state

a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary and injunctive relief in this action against defendants City of Velda City (the "City"); the Velda City Mayor, Robert L. Hensley; the Velda City Board of Alderpersons; Dwayne Gibson; Sherman Curtis; Althea Morris; Arthur J. Ruffin; and Melda Bernard Collins.[1]

The instant action arises out of changes made by the City's ordinances concerning solid waste removal. Plaintiff alleges that between 1987 and 2004, the City provided solid waste removal at no charge. Plaintiff states that in 2004, the City began charging for solid waste removal. Plaintiff further alleges that in 2005, the City began charging an "$0.90 administration cost per year" for solid waste removal. Plaintiff alleges that the City's ordinance changes--which authorized the charges and later increased the

---

[1] Defendants Gibson, Curtis, Morris, Ruffin and Collins are sued in their official capacities as members of the City of Velda City Board of Alderpersons.

charges for solid waste removal--violate various Missouri Constitutional provisions and state statutes.

## Discussion

Having carefully reviewed the complaint, the Court concludes that it fails to state a claim upon which relief may be granted. Although the complaint asserts that plaintiff's claims in Count I are brought pursuant to 42 U.S.C. § 1983, the complaint alleges only a potential violation of state law by the City and the other defendants. "Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States." Wilson v. Spain, 209 F.3d 713, 715 (8th Cir. 2000). The mere violation of state law does not rise to the level of a violation of federal law or plaintiff's constitutional rights, and cannot form the basis of a claim under § 1983. Ebmeier v. Stump, 70 F.3d 1012, 1013 (8th Cir. 1995); Bagley v. Rogerson, 5 F.3d 325, 328-29 (8th Cir. 1993). The complaint therefore fails to state a claim under Section 1983.

Plaintiff asserts in Count II that his race (African-American) was a motivating factor in the City's decision to enact the ordinances he challenges. Count II alleges in pertinent part: "The Defendant, City of Velda City, intentionally discriminated against Plaintiff; that is Plaintiff's race and being a black male versify [sic] a Caucasian was a motivating factor in Defendant['s] decision granting and initiating unlawful Ordinances." Complaint at 8, ¶ 27. Count II is titled "Title 42 U.S.C. § 1981".

"The purpose of 42 U.S.C. § 1981 is to prohibit discrimination in the 'performance, modification and termination of contracts' and to protect 'the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.' 42 U.S.C. § 1981(b)." <u>Williams v. Lindenwood Univ.</u>, 288 F.3d 349, 355 (8th Cir. 2002). Plaintiff's claim in Count II is not properly analyzed under § 1981, because plaintiff does not allege that he has been discriminated against in the performance, modification or termination of a contract.

Keeping in mind that it should liberally construe pleadings filed by pro se litigants, the Court will construe Count II as asserting an equal protection claim. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne, Tex. v. Cleburne Living Ctr.</u>, 473 U.S. 432, 440 (1985). "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." <u>Id.</u> at 441.

In this case, plaintiff does not allege that the ordinance affects a fundamental right, or that it discriminates against a protected group for purposes of equal protection analysis. The complaint alleges that the City's waste collection fees are charged by ordinance, and therefore are charged to all Velda City

4

residents--not just to plaintiff or to other African-American residents of the City. The ordinances, which are attached as exhibits to the complaint, apply to all residents of the City and do not draw any classifications. Plaintiff's complaint therefore fails to plead enough facts to state a claim for relief that is "plausible on its face." Twombley, 127 S. Ct. at 1974.

Count III of the complaint seeks a restraining order against the City's continued enforcement of the solid waste ordinances, based on his claims in Counts I and II. Because plaintiff has failed to state a claim upon which relief may be granted in his complaint, this Count should also be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   18th   day of September, 2007.